UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAX D. DRONSO,

       Petitioner,

v.                                                                       Case No. 05-C-0807

RANDALL HEPP,

       Respondent.

---

### RECOMMENDATION[1] ON PETITION FOR WRIT OF HABEAS CORPUS

---

On July 28, 2005, the petitioner, Dax D. Dronso ("Dronso"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition, together with the attachments thereto (including a copy of U.S. District Judge J.P. Stadtmueller's January 12, 2004 order denying Dronso's previously-filed petition for writ of habeas corpus, Case No. 02-C-1268), presents that on July 26, 1996, Dronso pled guilty to one count of possession of marijuana with intent to deliver, in violation of Wis. Stat. §§ 161.14(4)(t) and 161.41(1m)(h)(2), and one count of fleeing an officer, in violation of Wis. Stat. §§ 346.04(3) and 346.17(3), in Milwaukee County Circuit Court Case No. 96-CF-3086. Dronso was sentenced to one year in prison on count two, the fleeing charge, and 36 months of probation on count one, the marijuana possession charge, consecutive to his prison sentence on the fleeing charge.

---

[1] On July 28, 2005, this case was randomly assigned to this court. Because the case is at the Rule 4 stage of review, Dronso has not yet been asked to execute and file a form consenting (or declining consent) to magistrate judge jurisdiction in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). Consequently, this court does not have jurisdiction to enter judgment dismissing the case. A recommendation is therefore being issued.

Before Dronso completed his one year prison term on the fleeing charge, he was convicted of one count of substantial battery, in violation of Wis. Stat. § 940.19(2), in Milwaukee County Circuit Court Case No. 96-CF-3079. On March 25, 1997, Dronso was sentenced to two years in prison on this conviction, consecutive to any other sentence. Dronso immediately began serving time on the two year sentence for battery and was paroled from prison in that case, Case No. 96-CF-3079, on May 13, 1998.

From then until September 28, 1998, he finished serving his one-year sentence on the fleeing charge, Case No. 96-CF-3086. Starting on September 28, 1998, Dronso began serving his three years' probation on count one in Case No. 96-CF-3086. Dronso's probation would have ended on September 28, 2001, but his probation was revoked on December 12, 2000. Dronso returned to court for sentencing after revocation, and, on January 22, 2001, was sentenced to five years in prison on the marijuana possession charge, Case No. 96-CF-3086.

As stated above, on January 12, 2004, Judge Stadtmueller denied Dronso's previously filed habeas corpus petition. Now Dronso apparently seeks to obtain federal habeas corpus relief from the decisions of various branches of the Milwaukee County Circuit Court denying his requests for sentencing relief and denying his challenge to the revocation of his parole on April 15, 2004.

The problem that Dronso faces in his pursuit of habeas corpus relief in this court is found in the language of 28 U.S.C. § 2244(b). More precisely, that Dronso has already filed a habeas corpus petition renders the instant petition a "second or successive" petition. Such being the case, the

provisions of 28 U.S.C. § 2244(b)(1)[2] compel the conclusion that, to the extent Dronso's instant petition includes previously presented claims, such claims must be dismissed.

Furthermore, to the extent that Dronso raises in the instant habeas corpus petition any claims that were not raised previously in *Dax D. Dronso v. Thomas E. Karlen*, Case No. 02-C-1268, this court does not have jurisdiction to consider such claims absent receiving authorization from the Seventh Circuit Court of Appeals to do so. This is because 28 U.S.C. § 2244(b)(2) and (3) provides as follows:

> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
>> **(B)** A motion in the court of appeals for an order authorizing the district to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

---

[2] Title 28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

>    **(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
>    **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
>    **(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

As the Seventh Circuit has made clear, without such authorization, this court lacks subject matter jurisdiction over Dronso's instant petition for writ of habeas corpus.

>    The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. . . . From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.

*Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Given the foregoing, this court has no alternative. The court must dismiss Dronso's petition for writ of habeas corpus.

**NOW THEREFORE IT IS RECOMMENDED** that Dronso's petition for writ of habeas corpus be **DISMISSED;**

**IT IS FURTHER ORDERED** that the Clerk of Court randomly assign this case to a district judge for action on this recommendation.

Any objection to this recommendation must be filed with the Clerk of Court, in duplicate, within ten days of service of the same. *See* 28 U.S.C. § 636(b)(1)(B) and (C) and General L.R. 72.3 (E.D. Wis.). Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this  3rd  day of August 2005, at Milwaukee, Wisconsin.


s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge